UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH JAMES SOUZA,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>ERIC VANCLEEMPUT, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:25-cv-00298-MMD-CLB<br><br>ORDER |

　　　*Pro se* Plaintiff Joseph James Souza, who is incarcerated at Lovelock Correctional Center, brings this action against Defendants Eric and Marjorie Vancleemput under 42 U.S.C. § 1983 for violations of the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment, as well as for various state law tort claims. (ECF No. 1-1.) Before the Court is United States Magistrate Judge Carla Baldwin's Report and Recommendation (ECF No. 5 ("R&R")), recommending that the Court grant Souza's *in forma pauperis* ("IFP") application and dismiss Souza's Complaint (ECF No. 1-1) with prejudice. As further explained below, the Court overrules Souza's Objection in part, and adopts the R&R in part.

　　　The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Souza filed his Objection. (ECF No. 6.)

///

///

///

Souza specifically objects[1] to Judge Baldwin's recommendation that the Court dismiss the Complaint because Souza brings his claim against private citizens, Eric and Marjorie Vancleemput, and does not allege that the defendants were acting under color of state law. (ECF No. 5 at 4.) Souza argues that Defendant Eric Vancleemput is "always under color of law" because he is employed by the Nevada Department of Forestry and is required to be on call at all times while employed. (ECF No. 6 at 4.) As Judge Baldwin explained in her R&R, "[a] defendant has acted under color of state law where he or she has 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (ECF No. 5 at 4.) Souza's allegation that Defendant was always on call for his employer is not a colorable claim that Defendant acted under color of state law. Additionally, Souza does not allege that Marjorie Vancleemput acted under of state law, rather, he argues that she "conspired with her husband" to commit various alleged harms to him. (ECF No. 6 at 4.) While "[a] private individual may be liable under § 1983 if she conspired or entered joint action with a state actor," *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002), Souza merely asserts that Marjorie Vancleemput "conspired with her husband," who is not a state actor. Thus, the Court agrees with Judge Baldwin and finds that Souza's Complaint must be dismissed with prejudice because he fails to state a colorable claim under § 1983, and amendment is futile.

Souza further objects to Judge Baldwin's recommendation to dismiss Souza's state law claims with prejudice. (ECF No. 5 at 4-5.) The Court agrees with Judge Baldwin that the Court lacks federal question jurisdiction over the state law claims after the Court dismisses the § 1983 claims, and that the Court further lacks diversity jurisdiction. (*Id.*) Accordingly, Judge Baldwin correctly found that the Court cannot exercise supplemental jurisdiction over the state law claims. The Court will dismiss the state law claims, but

---

[1]As to the remaining portions of the R&R that Plaintiff did not object to, the Court adopts because the Court finds that Judge Baldwin did not clearly err.

dismissal will be without prejudice because the Court lacks jurisdiction to adjudicate these claims.

It is therefore ordered that Souza's objection (ECF No. 6) to Judge Baldwin's Report and Recommendation (ECF No. 5) is overruled in part.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 5) is adopted in part.

It is further ordered that Souza's *in forma pauperis* application be granted.

It is further ordered that the Nevada Department of Corrections pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of JOSEPH JAMES SOUZA, #1290006 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

It is further ordered that the Clerk of Court file the complaint (ECF No. 1-1).

It is further ordered that Plaintiff's § 1983 claims are dismissed with prejudice. Plaintiff's state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 1st Day of August 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE